

Peter Scutero, Esq. (PS-1423)
George Sitaras, Esq. (GS-7148)
Sitaras & Associates, P.C.
*Attorneys for Plaintiff*
33 Whitehall Street, 16th Floor
New York, New York 10004
Tel (212) 430-6410
E-mail: peter@sitaraslaw.com
E-mail: george@sitaraslaw.com

13 CIV 1274



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X

D.S.A. SERVICES, INC.,

                     **Plaintiff,**

          - against -

MPCC CORP., LONG BEACH CITY SCHOOL
DISTRICT, and LIBERTY MUTUAL INSURANCE
COMPANY,

                     **Defendants.**

----------------------------------------------------------------- X

Case No.:

**VERIFIED COMPLAINT**

      Plaintiff, D.S.A. Services, Inc., by its attorney, Sitaras & Associates, P.C., as and for its verified complaint herein, alleges as follows:

### NATURE OF THE ACTION

      1.    This is an action to recover monies due to plaintiff D.S.A. Services, Inc. ("DSA") from defendant MPCC Corp. ("MPCC") based on MPCC's breach of a construction contract. DSA also seeks to collect the unpaid amount from defendant Liberty Mutual Insurance Company ("Liberty") based on a payment bond issued by Liberty, which guaranteed payment to subcontractors and suppliers hired by MPCC in connection with the underlying construction

project known as the "Long Beach School District Preservation Plan – Phase 3B, Lido Middle/Elementary School 237 & 239 Lido Blvd., Long Beach, New York 11561" (the "Project"). In addition, DSA seeks to foreclose a mechanic's lien against MPCC and Long Beach City School District ("Long Beach"), as owner of the property, for monies owed to DSA for the work on the Project.

## PARTIES

2. DSA is a corporation duly organized and existing under the laws of the State of New Jersey with its principal place of business located at 800 East Elizabeth Avenue, Linden, New Jersey 07036.

3. Upon information and belief, defendant MPCC is a corporation duly organized and existing under the laws of the State of New York with its principal place of business being 81 Rockdale Avenue, New Rochelle, New York 10801.

4. Upon information and belief, defendant Long Beach is a city school district organized and existing under Title II of the New York Education Law with an address of 235 Lido Boulevard, Lido Beach, New York 11561.

5. Upon information and belief, defendant Liberty Mutual is a Massachusetts principal stock insurance company with its principal place of business being 175 Berkeley Street, Boston, Massachusetts 02116.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332(a)(2) by reason of diversity of citizenship of the parties and the amount in controversy exceeding the sum of $75,000.00, exclusive of interest and costs.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1).

## FIRST COUNT
(Against MPCC for Breach of Contract)

8. Upon information and belief, Long Beach is the owner of the property commonly known as Lido Middle/Elementary School 237 & 239 Lido Boulevard, Long Beach, New York 11561 (hereinafter, the "Property").

9. Upon information and belief, Long Beach hired MPCC to perform certain work in connection with the decommissioning and demolition of certain buildings and structures situated on the Property.

10. On or about June 20, 2012, MPCC entered into a written agreement with DSA for certain asbestos abatement and remediation work in connection with the Project for the agreed upon sum of $419,800.00 (the "Subcontract").

11. During the course of DSA's performance of the Subcontract MPCC ordered and directed DSA to perform extra work, the total value of which was $100,201.91, thereby increasing the Subcontract price to $520,001.01.

12. Between about June 20, 2012 and August 12, 2012, DSA performed all of the work required under the Subcontract as well as the extra work totaling $520,001.01 to the satisfaction and approval of both MPCC and Long Beach.

13. MPCC failed to pay DSA for the work performed on the Project leaving a remaining unpaid balance in the amount of $341,639.41, which is due and owing DSA from MPCC.

14. MPCC's refusal to pay DSA the full contract price constituted a material breach of the Subcontract.

15. As a result of MPCC's breach of the Subcontract, DSA has suffered damages in the amount of $341,639.41.

## SECOND COUNT
(Against MPCC for Accounts Stated)

16. DSA repeats and realleges each and every allegation set forth in the above paragraphs with the same force and effect as if fully set forth at length herein.

17. DSA delivered invoices and statements of account to MPCC on a regular and timely basis evidencing the labor, materials and services furnished to the Project, and the amounts due thereon.

18. Said invoices and statements of account indicated an outstanding balance due to DSA from MPCC in the sum of $341,639.41.

19. MPCC accepted and retained said invoices and statements without objection.

20. More than 30 days have elapsed since DSA presented the most recent invoice or statement reflecting the outstanding account balance; and, MPCC has not responded, objected to, or paid the account balance.

21. By reason of the foregoing, MPCC is liable to DSA in the amount of $341,639.41, together with pre-judgment interest, costs, disbursements, and attorney's fees incurred in this action.

## THIRD COUNT
(Against MPCC for Quantum Meruit)

22. DSA repeats and realleges each and every allegation set forth in the above paragraphs with the same force and effect as if fully set forth at length herein.

23. DSA has furnished labor, materials and services to the Project having a fair and reasonable value of $520,001.01, no part of which has been paid except the sum of $178,361.60, leaving an amount due and owing DSA from MPCC in the sum of $341,639.41.

24. DSA performed said work in good faith, and with the expectation that it would be paid by MPCC.

25. MPCC accepted and retained the benefit of the work performed by DSA, but failed to pay DSA.

26. By reason of the foregoing, and in the alternative to the relief sought in the first cause of action herein, MPCC is liable to DSA in quantum meruit for the fair and reasonable value of said work in the amount of $341,639.41, with interest thereon from August 31, 2012, together with costs, disbursements, and attorney's fees incurred in this action.

## FOURTH COUNT
(Against MPCC for Unjust Enrichment)

27. DSA repeats and realleges each and every allegation set forth in the above paragraphs with the same force and effect as if fully set forth at length herein.

28. MPCC, as general contractor for the Project, retained the benefit of said labor, services, and materials, without paying for it.

29. The fair and reasonable value of the labor, services, and materials furnished to the Project by DSA is $520,001.01, no part of which has been paid except the sum of $178,361.60, leaving a balance due and owing DSA from MPCC in the amount of $341,639.41.

30. MPCC's refusal to pay for the fair and reasonable value of the labor, services and materials that DSA furnished to the Project violates principles of equity and good conscience.

31. By reason of the foregoing, DSA is entitled to the full fair and reasonable value of its services in the sum of $341,639.41 plus interest and costs incurred in this action.

## FIFTH COUNT
(Against Liberty Mutual for Amount due under Payment Bond)

32. DSA repeats and realleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth at length herein.

33. On or about April 8, 2011, MPCC, as principal, and Liberty Mutual, as surety, for valuable consideration, duly executed and furnished to Long Beach, as obligee, Payment Bond No. 015032109 in the amount of $23,823,773.00 in connection with MPCC and Long Beach's contract.

34. Pursuant to the payment bond, Liberty Mutual agreed to pay, among other things, the wages and compensation for labor performed and services rendered by all subcontractors, laborers, materialmen, and suppliers engaged by MPCC to perform work on the Project.

35. DSA, as a subcontractor of MPCC, furnished labor, materials and services to MPCC in connection with the Project, and is therefore a beneficiary under the above mentioned payment bond issued by Liberty Mutual.

36. Under the terms of said payment bond DSA is entitled to payment from Liberty Mutual in the sum of $341,639.41 for the outstanding balance due for labor, materials and services performed by DSA, no part of which has been paid although duly demanded.

37. All conditions precedent required by law or by the terms of the payment bond have occurred or have been complied with so that this action can be commenced.

38. By reason of the foregoing, Liberty Mutual is liable to DSA under the payment bond in the amount of $341,639.41, plus interest and costs incurred in this action.

## SIXTH COUNT
(Against MPCC, Liberty Mutual and Long Beach
for Foreclosure of Mechanic's Lien)

39. DSA repeats and realleges each and every allegation set forth in the above paragraphs with the same force and effect as if fully set forth at length herein.

40. All of the labor, material, and services that DSA furnished under the Subcontract and at the direction of MPCC constituted improvements for the benefit of the Project.

41. The labor and services performed and materials furnished by DSA were actually rendered in connection with the Project pursuant to the contracts entered into between MPCC and Long Beach.

42. Upon information and belief, after the making of said contracts with Long Beach, MPCC completed the same so as to be entitled to a payment of a sum of money in excess of DSA's claim herein and of all others, if any, having claims herein prior to DSA.

43. Upon information and belief, an appropriation of monies had been heretofore duly made, and there are sufficient monies in the possession of and under control of Long Beach for said improvement and for the full payment of the contract price for the performance of said work.

44. Pursuant to and in conformity with the laws of the State of New York, and on the 9th day of November 2012, and within thirty (30) days after the work performed under the prime contracts had been completed and accepted by Long Beach, DSA duly filed and served a Notice of Mechanic's Lien on Account of Public Improvement (the "Notice of Lien") in the amount of $341,639.41 upon Long Beach and MPCC, in writing, stating, among other things, the name and residence of the lienor, DSA; the name of the contractor for whom the labor was performed and for whom the materials were furnished; the amount claimed to be due to the lienor for the labor

so performed and the materials so furnished and the date when said amount became due; a description of the public improvement upon which the labor was performed and materials expended and a general description of the contract, pursuant to which such public improvement was constructed; which said Notice of Lien was duly signed, and verified by the oath of DSA as claimant, and complied in all respects with the requirements of law, and at the time of filing thereof thirty days had not elapsed since completion of the said public improvement and the acceptance thereof by Long Beach. The Notice of Lien was also served upon Long Beach and MPCC as required by law. A true copy of the Notice of Lien with proof of service as annexed hereto as Exhibit "1".

45. Neither the Notice of Lien nor the claim upon which said lien claim is founded have been waived, satisfied or discharged and no other proceeding in law or equity been commenced for the foreclosure of said lien or for the recovery of the amount due to DSA as aforesaid.

46. Upon information and belief, at the time of the filing of the mechanic's lien of plaintiff as aforesaid, there was due and owing, or to become due, from Long Beach to, or for the benefit of MPCC in excess of $341,639.41, the amount of DSA's lien herein.

**WHEREFORE**, DSA demands judgment as follows:

1) On its first cause of action against MPCC in the sum of $341,639.41, with interest thereon from August 31, 2012, plus costs, disbursements and attorney's fees incurred in this action;

2) On its second cause of action against MPCC in the sum of $341,639.41 with interest thereon from August 31, 2012, plus costs, disbursements and attorney's fees incurred in this action;

3) On its third cause of action against MPCC in the sum of $341,639.41 with interest thereon from August 31, 2012, plus costs, disbursements and attorney's fees incurred in this action;

8

4) On its fourth cause of action against MPCC in the sum of $341,639.41, with interest thereon from August 31, 2012, plus costs, disbursements and attorney's fees incurred in this action;

5) On its fifth cause of action against Liberty Mutual in the sum of $341,639.41 with interest thereon from August 31, 2012, plus costs, disbursements and attorney's fees incurred in this action

6) On its sixth cause of action MPCC and Long Beach, an Order:

    (i)    MPCC is indebted to DSA for work, labor and services, and materials furnished in the sum of $341,639.41, together with interest;

    (ii)    DSA has a valid lien in the amount of $341,639.41, together with interest on the funds now due or to become due on the project;

    (iii)    Long Beach pay over to DSA, all of said funds due or to become due, or such part thereof as is adjudged to be due herein to MPCC or for work performed by MPCC for Long Beach, together with interest, and that DSA have judgment against MPCC and Long Beach for any deficiency that may remain after applying the sums aforesaid; and

    (iv)    In the case it be determined that DSA does not have a valid and existing lien upon the monies of Long Beach allocated for the public improvement, that DSA have a judgment against MPCC in the amount of $341,639.41, together with interest and costs and disbursements in this action.

That DSA has such other and further relief in the premises as to this Court deems just and proper.

Dated: New York, New York
       February 25, 2013

SITARAS & ASSOCIATES, P.C.
*Attorneys for Plaintiff DSA Services, Inc.*

By: _____
George Sitaras, Esq.
Peter Scutero
33 Whitehall Street, 16th Floor
New York, New York 10004
Tel (212) 430-6410

## VERIFICATION

GEORGE SITARAS, an attorney admitted to practice in the State of New York, affirms:

That the undersigned is the attorney of record for the plaintiff DSA SERVICES, INC., in the within action; that the undersigned has read the foregoing complaint and knows the contents thereof; that the same are true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief; and as to those matters affirmant believes them to be true.

The undersigned further states that the reason this affirmation is made by the undersigned, and not by the claimant herein, is that the plaintiff's principal place of business is outside of New York.

The grounds of affirmant's belief as to all matters not stated to be upon affirmant's knowledge, are as follows: A review of the file, books, records, correspondence, documents and information provided by the plaintiff, and discussions with the plaintiff's representatives.

The undersigned affirms that the foregoing statements are true, under the penalty of perjury.

Dated: New York, New York
       February 25, 2013

_____
George Sitaras

# EXHIBIT

# 1

## NOTICE OF MECHANIC'S LIEN
## ON ACCOUNT OF PUBLIC IMPROVEMENT

**PLEASE TAKE NOTICE** that DSA SERVICES, INC., a corporation organized and existing under the laws of the State of New Jersey, and duly authorized to do business in the State of New York, with an address at 800 East Elizabeth Avenue, Linden, NJ, 07036 hereby claims a lien, pursuant to the Lien Law of the State of New York, for the principal and interest of the agreed price and value of the labor and material hereinafter mentioned upon the moneys of such municipal corporation or public authority applicable to the construction of the public improvement hereinafter mentioned, to the extent of the amount due or to become due in and on the contract with said municipal corporation or public authority hereinafter described, and hereby further states:

(1) The name and address of contractor for whom the labor was performed and materials furnished is:
> MPPC Corp.
> 81 Rockdale Avenue
> New Rochelle, New York 10801

(2) A description of the public improvement upon which the labor was performed and materials expended is as follows: Asbestos abatement under the Long Beach School District Preservation Plan – Phase 3B, Lido Middle/Elementary School, 237 & 239 Lido Blvd, Long Beach NY 11561.

(3) The labor performed was: Removal and disposal of asbestos containing materials from the project site. The materials furnished included, but is not limited to, containers for the removal, disposal and storage of asbestos contaminated material, plus related equipment and tools, as set forth in the written subcontract entered into between lienor and MPCC Corp.

(4) The amount due or to become due the lienor is $341,639.41. The amount due the lienor is $341,639.41. The total amount claimed to be due for which this lien is filed is $341,639.41, and the date when due was on or about August 31, 2012.

(5) The above described labor, materials, and improvements were furnished pursuant to the written contract entered into between MPCC Corp., as general contractor, and DSA Services Inc., as subcontractor, dated on or about June 20, 2012.

(6) The labor and materials above specified were actually performed and furnished, and have been actually used in the execution of the contract aforementioned; and the materials actually manufactured for, but not delivered to, the improvement were actually so manufactured for use in the execution of the said contract.

(7) Upon information and belief, thirty (30) days have not elapsed since the completion and acceptance of said public improvement.

(8) The statements and matters in paragraphs numbered 1-7 herein are alleged on information and belief.

Dated: October 10, 2012

DSA SERVICES, INC.

By: _____
Name: Anthony Frassetti
Title: President

**VIA CERTIFIED MAIL TO:**

Michael I. DeVito, Esq.
Chief Operating Officer
Long Beach Central School District
235 Lido Blvd.
Long Beach, New York 11561

Joyce Hanechak
Accounting Supervisor
Long Beach Central School District
235 Lido Blvd.
Long Beach, New York 11561

Steve Lahey
Director of Facilities and Operations
Long Beach Central School District
235 Lido Blvd.
Long Beach, New York 11561

Collins+Scoville Architecture
Engineering/Construction Management P.C.
d/b/a CSArch Architectur/Engineering/Construction Management
19 Front Street
Newburgh, New York 12550

MPPC Corp.
81 Rockdale Avenue
New Rochelle, New York 10801

# VERIFICATION

STATE OF NEW JERSEY )
) ss.:
COUNTY OF Union )

ANTHONY FRASSETTI, being duly sworn, deposes and says:

That deponent is the President of the DSA SERVICES, INC., the lienor; that deponent has read the foregoing notice of mechanic's lien on account of public improvement and knows the contents thereof; that the same is true of deponent's own knowledge, except as to matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes it to be true.

_____
Anthony Frassetti

Sworn to before me this 12th day
of October 2012

_____
Notary Public

JADRANKA KESAR-JIMENEZ
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES JANUARY 9, 2016

## AFFIDAVIT OF SERVICE FOR NOTICE OF MECHANIC'S LIEN

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside in Queens, New York. On November 09, 2012 I served the within Notice of Mechanic's Lien via Certified mail to the following entity at the last known address set below:

TO: Steve Lahey
Director of Facilities and Operations
Long Beach Central School District
235 Lido Blvd
Long Beach, New York 11561

Michael De Vito
Chief Operating Officer
Long Beach Central School District
235 Lido Blvd
Long Beach, New York 11561

Joyce Hanechak
Accounting Supervisor
Long Beach Central School District
235 Lido Blvd
Long Beach, New York 11561

MPPC Corp.
81 Rockdale Avenue
New Rochelle, New York, 10801

Collins+Scoville Architecture/Engineering/Construction Management P.C. d/b/a csarch
Architecture/ Engineering/ Construction Management
19 Front Street
Newburgh, New York 12550

Sworn to before me
this 9th day of November 2012

_____
GEORGE SITARAS
Notary Public, State of New York
No. 02SI6147110
Qualified in Queens County
Commission Expires May 30, 2014

_____
ALMERINDA CENTORE